## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JASON B. WALSH, | Civil Action No. 17-2031 (PGS) (TJB) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| JUDGE ROCHELLE GIZINSKI, et al., |  |
| Defendants. |  |

**SHERIDAN, District Judge:**

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Jason B. Walsh, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants. The Court previously granted Plaintiff *in forma pauperis* status. ECF No. 2. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). It appearing:

1. The claims asserted in the Complaint appears to arise out of a criminal prosecution against Plaintiff in state court. However, the Complaint provides absolutely no details of this criminal prosecution—indeed, Plaintiff does not even provide this Court with what crime Plaintiff was prosecuted for, or when the prosecution occurred. However, after the Complaint was filed, Plaintiff submits a 55-page exhibit, from which the Court deduces that Plaintiff's claims arose out of a prosecution against him for endangering the welfare of a child that occurred in December of

2014. *See, e.g.*, ECF No. 3 at 37, ECF No. 1 at 4. Because Plaintiff asserts that he was sentenced, ECF No. 1 at 4, the Court presumes that he was convicted of the crime.

2. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

3. Plaintiff's claims against Defendants Ocean County Prosecutor's Office and Ocean County Justice System are dismissed. Prosecutor's offices are not "persons" amendable to suit under § 1983. *See Mikhaeil v. Santos*, 646 F. App'x 158, 161 (3d Cir. 2016). As for Defendant "Ocean County Justice System," the Court cannot even determine who that is, since there is no such entity. To the extent Plaintiff is suing the Superior Court of New Jersey in Ocean County, which very likely presided over his criminal prosecution, courts are not "persons" subject to suit under § 1983. *Travaline v. Travaline*, 639 F. App'x 73, 74 (3d Cir. 2016); *Lynch v. City of Philadelphia*, 440 F. App'x 117, 119 (3d Cir. 2011) (finding that neither state courts nor local courts are "persons" under § 1983). As such, claims against these two defendants are dismissed with prejudice.

4. Plaintiff's claims against Judge Rochelle Gizinski, the presiding judge of his criminal matter, are dismissed. Judges are absolutely immune from suit for actions taken in their judicial

capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Kaplan v. Miller*, 653 F. App'x 87, 89 (3d Cir. 2016) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts.") (quoting *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Thus, Plaintiff's claims against Judge Gizinski are dismissed with prejudice.

5. Plaintiff's claims against Defendant Ocean County Public Defenders Office, as well as Defendants Ernest A. Ryberg, Dawn M. Nee, and Todd S. Wilson, who appear to be attorneys from said office, *see* ECF No. 1 at 5-6, are dismissed. Public defenders are not state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 2015 WL 9583987, at *2 (3d Cir. Dec. 31, 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, a public defender's office is not is a "person" liable under § 1983. *Crisostomo v. State of N.J. Pub. Defender Office Passaic Cnty.*, No. 14-4756, 2014 WL 4094793, at *2 (D.N.J. Aug. 18, 2014); *Santos v. Smith*, No. 08-3846, 2008 WL 4922207, at *3 (D.N.J. Nov. 12, 2008). Therefore, all claims against these defendants are dismissed with prejudice.

6. Plaintiff's claims against Defendants Dawn M. Kingsley and Amber M. Kingsley are dismissed. Although it is difficult for the Court to deduce their involvement in the criminal matter, as Plaintiff provides very little details in the Complaint, the Court is able to comb through the

exhibits and determine that Dawn was Plaintiff's ex-wife, and Amber was Plaintiff's step daughter, *see* ECF No. 3 at 49, who were likely the victims of the criminal offense. Plaintiff's § 1983 claims against them fail simply because they are not state actors. *See Gage v. Township of Warren*, No. 09-0519, 2009 WL 1635602, at *3 (D.N.J. June 10, 2009) (individuals availing themselves to the government apparatus were not state actors); *Boykin v. Bloomsburg Univ. of Pa.*, 893 F. Supp. 409 (M.D. Pa. 1995) (reporting an individual's criminal conduct to the state was the act of a private individual). Accordingly, Plaintiff's claims against them are dismissed with prejudice.

7. Finally, the lone remaining defendant, Terry Ann Linardakis, appears to be a prosecutor at the Ocean County Prosecutor's Office. *See* ECF No. 1 at 5. Plaintiff alleges that Linardakis violated his constitutional rights when she failed to transfer the case to a different county due to alleged conflicts of interest, stemming from the alleged facts that (1) Judge Gizinski was her ex-boss, and (2) she handled another criminal matter against Plaintiff's daughter in 2012. *Id.* Notwithstanding the fact that those allegations do not amount to conflicts of interest,[1] "[t]he arrest of a criminal defendant and the filing of charges are at the core of the prosecutorial function, and '[a] prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred.'" *Munchinski v. Soloman*, 618 F. App'x 150, 154 (3d Cir. 2015) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992)). As such, the decision to initiate prosecution against a defendant at a particular

---

[1] By Plaintiff's logic, individual members of a family who have extensive criminal histories can disqualify prosecutors assigned to their place of residence simply because there is a high likelihood the same prosecutors would have prosecuted cases against other family members, an absurd argument.

jurisdiction is not challengeable under § 1983. *Cf. Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (Prosecutor was immune from liability even though he, as a state prosecutor, lacked jurisdiction to bring a charge against a defendant for a federal offense). Hence, the claims against Linardakis are dismissed with prejudice.

_____
**Peter G. Sheridan**
**United States District Judge**

**Date:** 5/25/17